**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

REGINA OWENS

v. CASE NO. 4:12-cv-00417-RS-CAS

FLORIDA COMMISSION ON HUMAN
RELATIONS AND LARRY KRANERT
_______________________________________/

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully submits her concise statement of undisputed facts in support of summary judgment, pursuant to Local Rule 56.1(A).

1. Plaintiff was employed as the Housing Investigation Manager at the Florida Commission on Human Relations ("FCHR") starting in 2003. See Exhibit A, deposition of Owens, p.28.
2. In 2011, Plaintiff developed concerns that she was the victim of racial discrimination in her workplace. See Exhibit A, deposition of Owens, pp.152-153.
3. Plaintiff also developed concerns that FCHR's management was violating immigration law, engaging in unlawful discrimination against others, wasting public funds, and perpetrating malfeasance and misfeasance in public office. See Exhibit A, deposition of Owens, pp.105-109.
4. FCHR's management was unresponsive to the concerns Plaintiff raised on these matters so Plaintiff decided to take her complaints to the Chairwoman of FCHR, Donna Elam, and a representative of the Inspector General's office (IG) at the Department of Management Services (DMS). See Exhibit A, deposition of Owens, pp. 161-162.

5. Plaintiff forwarded documents from her FCHR e-mail to her personal e-mail to be able to provide evidence to the Inspector General and/or the FCHR Chair and/or the EEOC of the illegal activities occurring at FCHR because her internal complaints were not being taken seriously. See Exhibit A, Deposition of Owens, pp. 62-67 and Exhibit B, emails.
6. Defendant FCHR had no policy prohibiting employees from emailing documents to themselves nor was it an uncommon practice. See Exhibit C, computer policies and procedures and See Exhibit D, Transcript of Kranert, pp. 126-127 and Exhibit E, Transcript of Daniel, p. 33 and Exhibit F, emails from Wilson on private email and Exhibit N, Transcript of Wilson, pp. 58-59.
7. Plaintiff did not forward any confidential information. All of the documents were public records that she had access to in the regular duties of her employment. See Exhibit B, emails.
8. Neither Larry Kranert (Exhibit D, p. 124) nor Michelle Wilson (Exhibit N, p. 60) nor Brian Wilder (Exhibit G, p.27) nor John Chaves (Exhibit T, pp.17, 21) nor any other person alleged to be involved on the decision to fire Plaintiff knew at the time of the firing exactly what documents Plaintiff had forwarded from her work e-mail to her home e-mail.
9. On August 5, 2011, Plaintiff sent a letter to the chair of FCHR, Donna Elam complaining of Kranert's discriminatory behavior. See Exhibit J, letter
10. Plaintiff outlined the discriminatory behavior that was occurring at FCHR in her letter. Id.
11. On August 31, 2011, Elam asked the Plaintiff to resend the letter via email to her personal email. See Exhibit K, email.

12. Plaintiff emailed the letter to Elam to her personal email. Id.
13. On September 2, 2011, Plaintiff was locked out of her computer and was denied access to the FCHR building. See Exhibit A, deposition of Owens, p. 248
14. Plaintiff later found out (at the time of her termination) that Defendant FCHR was investigating her sending FCHR emails to her personal email. See Exhibit A, deposition of Owens, p. 61 and Exhibit L, termination letter.
15. Plaintiff filed a charge of discrimination against FCHR with the Equal Employment Opportunity Commission on September 16, 2011. See Exhibit O, EEOC Charge.
16. In late August or early September 2011, Plaintiff reported the discriminatory hiring practices and other questionable activities at the FCHR to the Inspector General's Office of the Department of Management Services, which almost immediately began to investigate the Plaintiff's complaint. See Exhibit P and Exhibit A, deposition of Owens, p.108.
17. The DMS Inspector General obtained authorization to act as an arm of the Governor's Inspector General for purposes of investigating Plaintiff's complaint. See Exhibit Q, Carlisle deposition, pp. 16-18.
18. Plaintiff was terminated on October 19, 2011. See Exhibit L, termination letter.
19. Defendant FCHR states in its interrogatory response that "Plaintiff's employment with FCHR was terminated for gross misconduct connected with her job based upon misuse of Owens' managerial permissions to access FCHR databases to review and remove documents in violation of State and FCHR policies and procedures, and Florida law." See Exhibit M, FCHR Discovery response number 16.

20. Defendant Kranert stated the same reason for the termination of Plaintiff, "Theft of documents from FCHR computer systems, prevention of further unauthorized access to and transmittal of FCHR computer records." See Exhibit H, Kranert Discovery Response number 7.
21. Wilson testified that it was her belief that the Plaintiff violated FCHR's computer use policies and that is why she was terminated. See Exhibit N, deposition of Wilson, pp. 137-139.
22. Kranert also testified that he wanted the Plaintiff terminated based on her violation of FCHR computer use policies because she forwarded emails to her personal account and then used them for her own purposes. See Exhibit D, deposition of Kranert, pp. 79-83.
23. No FCHR employees could testify during depositions to viewing the emails and looking at FCHR policies and determining that the emails were in violation of any policy. See Exhibits D, E, F, G, I and N.
24. Brian Wilder, the system and security administrator at FCHR testified that he had collected the emails and sent them on to Kranert and Wilson. He did not review any FCHR policies related to policies and procedures. See Exhibit G, p.33, deposition of Wilder. Nor did he read the e-mail attachments Plaintiff sent. Id. at pp. 23, 28-29.
25. John Chavez, legal counsel at FCHR testified that he was asked to review the policies on FCHR computer usage and inform Kranert of what he found, but that he never actually reviewed the emails or attachments in question. See Exhibit T, deposition of Chaves, pp. 16-17.

26. Kranert did not review the e-mails or attachments before the firing; he relied upon his erroneous belief that Chaves had done so. See Exhibit D, Transcript of Kranert, pp.124-125.

27. Wilson testified that she did not do any investigation of the email allegations, but made the decision to terminate the Plaintiff because of the results of Kranert's investigation. See Exhibit N, Wilson deposition, pp. 50-51.

28. Plaintiff used only the emails to which she had access in the regular course of her employment in order to file a whistleblower claim with the Inspector General. See Exhibit G, deposition of Wilder, p.37

29. State employees are required to take an oath of loyalty to the state to uphold the laws of the state when they accept employment. See Exhibit R, §876.05, Florida Statutes.

30. One way the Florida Legislature implemented the state constitution was by passing § 112.3187, Florida Statutes (the Public Whistleblower Statute), which protects a public employee who “reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public’s health, safety, or welfare” or “who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.” See Exhibit S, §112.3187, Florida Statutes.

31. Plaintiff forwarded the FCHR emails to the Inspector General to the FCHR chair and to the EEOC in accordance with her oath and with the whistleblower statute and in accordance with Title VII and the Florida Civil Rights Act. See Exhibits R and S.

Respectfully submitted,

*/s/ Richard E. Johnson*
Law Office of Richard E. Johnson
RICHARD E. JOHNSON
Florida Bar No. 858323
MELISSA HORWITZ
Florida Bar No. 017333
The Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, FL 32301
(850) 425-1997 Telephone
(850) 561-0835 Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: George Reynolds IV and John Derr, Quintairos, Prieto, Wood & Boyer, P.A. and Lindsey Dunn, Robert Sniffen and Michael Spellman, Sniffen & Spellman P.A. this 29th day of April 2013.

*/s/ Richard E. Johnson*